IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

BERKSHIRE FINANCE HOLDINGS, LTD.
1642 Clearwater Ave
Windsor, Ontario N8P 0E9
Canada

      Plaintiff
v.

CANNAGISTICS, INC.       Case No.:
2480 Stanfield Road
Unit B
Mississauga, ONT L4Y 1R6
Canada

      Defendant

---

COMPLAINT

Plaintiff, BERKSHIRE FINANCE HOLDINGS, LTD., ("BERKSHIRE"), by and though its counsel, Matheau J. W. Stout, Esq. files this Complaint against CANNAGISTICS, INC. ("CNGT"), and alleges:

1.    This action is instituted pursuant to 15 U.S.C § 77c(a)10 (Section 3(a)(10) of the Securities Act of 1933, hereinafter "Section 3(a)(10)") for the issuance of securities in exchange for debt.

2.    This Court has jurisdiction over the parties hereto based on the Federal Statute.

3.    Venue is proper in the Northern District.

4.    Plaintiff, BERKSHIRE FINANCE HOLDINGS, LTD., is an Ontario corporation, which transacts business in Baltimore, Maryland.

1

5. Defendant, is a publicly traded corporation, quoted under the stock symbol CNGT, domiciled in Nevada, and headquartered in Canada which has the ability to issue securities under Section 3(a)(10).

6. On September 3, 2019, Plaintiff entered into an Option Agreement and Invoice Purchase Agreement with the Doney Law Firm, a creditor of Defendant (an "Assignor"), whose claim against Defendant is in the principal amount of $54,998.25 up to November 2, 2017 (plus accrued interest, late fees and attorney's fees, which increase the amount collectible to over $75,000.00) ("Claims").  A copy of the Option Agreement and Invoice Purchase Agreement under which the Plaintiff acquired the subject debt from the Assignor and the corresponding invoices evidencing the debt owed by Defendant to the Assignor are attached hereto and incorporated by reference herein as Exhibit A.

7. On September 1, 2019, the parties entered into a Settlement Agreement and Stipulation pursuant to Section 3(a)10 (the "Settlement Agreement"), in which CNGT affirmed its indebtedness to the Assignor from whom BERKSHIRE acquired the aforementioned Claim, thus acknowledging its indebtedness to BERKSHIRE.  A copy of the Settlement Agreement is attached hereto as Exhibit B.  Among other things, Exhibit B sets the courts in Maryland as the Venue for any action related thereto.

8. BERKSHIRE's brokerage will not allow BERKSHIRE to deposit CNGT stock into its brokerage account in settlement of the Debt without a "federal court order" recognizing an exemption from registration under the Securities Act of 1933, despite the best efforts of CNGT to assist BERKSHIRE with the removal of restricted legends and/or the deposit of such common stock with BERKSHIRE's brokerage, such that it is impossible for BERKSHIRE to recoup its losses without relief under Section 3(a)(10).

9. As a direct and proximate result of the failure of CNGT to pay the Debt which is the subject of this Complaint, BERKSHIRE has been damaged.

10. CNGT's public securities filings detail its inability to repay BERKSHIRE using cash, and BERKSHIRE seeks a settlement pursuant to Section 3(a)(10) of the Securities Act of 1933 whereby CNGT would issue shares of its publicly traded common stock as payment for the Debt owed to BERKSHIRE.

11. Section 3(a)(10) requires that a hearing be conducted as to the fairness of the terms and conditions of the exchange of the Debt for securities.

WHEREFORE, Plaintiff requests this Honorable Court schedule a hearing to determine the fairness of the proposed settlement and for such other and further relief as is deemed appropriate.

Respectfully submitted,

*/s/ Matheau J. W. Stout*
Matheau J. W. Stout (28054)
201 International Circle
Suite 230
Hunt Valley, Maryland 21030
(410) 429-7076 Tel

*Attorney for Plaintiff*